IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Walter Jackson, # 91774, ) | |
| ) | |
| Plaintiff, ) | No.: 9:11-cv-2963-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Ms. Joyce Young, McCormick Corrections ) | |
| Mail Room Personnel, and ) | |
| Ms. Janice Parler, Classification ) | |
| Case Worker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Walter Jackson, an inmate with the South Carolina Department of Corrections ("SCDC"), brings this 42 U.S.C. § 1983 action *pro se*. Jackson alleges that Defendants Parler and Young, both prison personnel, violated his constitutional rights by preventing him from maintaining possession over his parents' marriage license during his incarceration. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), D.S.C., this case was referred to a Magistrate Judge for pre-trial handling.

**Background**

On September 4, 2012, Defendants moved for summary judgment. (Dkt. No. 34). They argue, *inter alia*, that the prison policy disallowing prisoners from possessing such documents serves a legitimate penological interest such that its application in this case does not infringe on Jackson's constitutional rights. (Dkt. No. 34 at 3-5). On October 1, 2012, Plaintiff responded to oppose Defendants' motion. (Dkt. No. 37).

The Magistrate Judge issued a Report and Recommendation on December 17, 2012, recommending that Defendants' motion for summary judgment be granted. The Magistrate

1

Judge found that there is no genuine issue of fact as to whether Defendants have set forth a rational penological interest for the policy that the Plaintiff claims violates his constitutional rights. (Dkt. No. 39). Plaintiff timely filed objections to the Report and Recommendation, apparently arguing that this application of prison policy hindered his access to the courts. (Dkt. No. 41).[1] On January 10, 2013, this case was reassigned to the undersigned. (Dkt. No. 43).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Court has before it Defendants' motion for summary judgment. Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

## Discussion

The parties agree on the operative facts in this case, and the Magistrate Judge accurately summarized them in his order. Jackson received his parents' marriage license in the mail and, though he was initially permitted to hold onto it, shortly thereafter the license was revoked and held by prison officials. (Dkt. Nos. 34-2, 34-3). Jackson's physical possession of the license

---

[1] Jackson also noted that Defendants had not provided the Court with a copy of SCDC Policy PS-10.08, as the Magistrate Judge had instructed. (Dkt. No. 41 at 1). Defendants subsequently submitted to the Court a copy of the policy. (Dkt. No. 48).

was disallowed under SCDC Policy PS-10.08, "Inmate Correspondence Privileges," which prohibits inmates such as Jackson from possessing "any type of personal identification/ documents (or copies thereof) such as . . . birth/marriage certificates . . . ." (Dkt. Nos. 34-3, 48). The only issue, then, is a legal one: whether this application of SCDC Policy PS-10.08 violated Jackson's constitutional rights.

As the Magistrate Judge explained, prisoners enjoy a First Amendment right to send and receive mail, *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), but that right is qualified. (Dkt. No. 39 at 5). Generally speaking, prison officials may adopt regulations that impinge the right so long as those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (noting that "[a]n inmate does not retain rights inconsistent with proper incarceration").

The Magistrate Judge set out this governing legal standard from *Turner*, 482 U.S. at 89-90, accurately summarized the relevant facts, then applied the law to those facts. (Dkt. No. 39 at 5-8). The Magistrate Judge analyzed each of the four considerations under *Turner*, paying particular attention to the several penological justifications underlying SCDC's inmate correspondence policy, including inmate and officer safety, ease of prison administration, and efficiency. (*Id.* at 6-8). The Court finds the Magistrate Judge's analysis correct, and agrees with its conclusion that there is no genuine issue of fact as to whether SCDC Policy PS-10.08 is "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89.

Further, to the extent Jackson's objections reflect an attempt to frame this action as one for denial of access to the courts, the Court finds that Jackson has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Jackson has alleged he was unable to physically possess his parents' marriage license. (Dkt. No. 1). He has not alleged any facts that

3

would make it plausible that this deprivation resulted in an interference with his right of access to the courts, let alone that the deprivation caused him an injury sufficient to sustain such a claim. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996); *see also Joe v. Ozmint*, No. 2:08-cv-585, 2008 WL 5076858, *10 (D.S.C. Nov. 21, 2008).

## Conclusion

Having carefully reviewed the factual record, memoranda submitted by the parties, the Report and Recommendation and the applicable case law, the Court hereby adopts the Report and Recommendation as the Order of the Court. Therefore, the Defendants' motion for summary judgment is hereby GRANTED and Plaintiff's case is DISMISSED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
January 25, 2013